ON MOTION TO STRIKE COST BILL. [Department One. July 11, 1935.]
The opinion of this court deciding this case on the merits was filed on May 2, 1935.
Following the decision, the supervisor of the inheritance tax and escheat division of the state, as the prevailing party, filed a cost bill, and the respondent filed exceptions thereto. The clerk of this court allowed the costs as specified in the cost bill, whereupon the respondent moved the court to strike the cost bill and disallow the costs under the terms and conditions of chapter 180, Laws of 1935, p. 706, which bears an emergency clause and took effect before the opinion of this court, deciding the cause, was filed.
[2] Chapter 180 of the Laws of 1935, p. 706, is a very comprehensive general revenue act, which, among other things, amends the theretofore existing inheritance tax laws. Section 107, subdivision (q), of the act provides:
"There shall be no attorney's fees, witness fees, or other costs taxed in favor or against the State of Washington, or the tax commission or supervisor thereof nor in favor of or against any party to any proceeding before the tax commission, supervisor or any court under the provisions of this title." [Rem. 1935 Sup., § 11202-1.]
And section 124, so far as applicable here, reads:
"The provisions of the title, except section 115, shall apply to all cases pending in the inheritance tax and escheat division and to all cases pending in any of the courts of this state, whether on appeal or otherwise, at the time this act takes effect, whether the death of the decedent occurred prior to the passage of this act or subsequent thereto:" [Rem. 1935 Sup., § 11211-e.]
The issues presented in this case related only to the liability of the estate to pay inheritance taxes. The *Page 636 
language of the act, as quoted herein, is so clear and explicit as to require no construction and no comment.
This cause was pending when the act took effect, and, in accordance with the legislative mandate, the costs must be disallowed.
The order of the clerk allowing costs is vacated, the cost bill is stricken, and all costs are disallowed.
MAIN, BEALS, STEINERT, and GERAGHTY, JJ., concur.